**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

**BARBARA ANN PERPALL**
**and PAUL U. PERPALL,**

**Plaintiffs,**     **MEMORANDUM**
                                              **AND ORDER**

          **-against-**                        **12-CV-336 (PKC)(RLM)**


**RICHARD A. WHEELER, et al.,**

**Defendants.**
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Defendants' request to reopen discovery regarding the two falls that plaintiff Barbara Ann Perpall apparently sustained in 2016 is granted in part, over plaintiff's objection.   See Motion for Discovery (May 9, 2017) ("Def. Motion"), Electronic Court Filing Docket Entry ("DE") #82; Response in Opposition (May 10, 2017) ("Pl. Opp."), DE #83.   Although plaintiff counters that her expert opines that the two falls were "secondary to the weakness" attributable to her 2010 injuries, see Pl. Opp. at 2, she does not dispute that these falls were first disclosed to defendants last month, long after the close of discovery.   See id. at 1. The opinion cited by plaintiff is not, however, dispositive, and defendants are entitled to examine plaintiff to ascertain the facts surrounding and subsequent to these falls and to proffer their expert's opinion regarding the impact of those falls on plaintiff's injuries.

Accordingly, plaintiff must be produced for a further deposition, on a mutually convenient date no later than May 26, 2017, to be examined about the facts surrounding those

two falls and the consequences thereof.    Defendants may, by June 19, 2017, serve a

supplemental report from their expert opining on the significance of these falls vis-à-vis

plaintiff's injuries.    However, as defendants have not provided any evidentiary submission

regarding the expert's need for a further independent medical examination, that aspect of

defendants' motion is denied without prejudice.    See Furlong v. Circle Line Statue of Liberty

Ferry, Inc., 902 F.Supp. 65, 70 (S.D.N.Y. 1995) ("a higher showing of cause is required to

justify" multiple examinations).

        **SO ORDERED.**

**Dated: Brooklyn, New York**
       **May 11, 2017**

/s/          *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**