UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BARBARA ANN PERPALL and PAUL U.
PERPALL,

               Plaintiffs,                              **MEMORANDUM & ORDER**

   - against -                                  12-CV-0336 (PKC)(RLM)

PAVETEK CORP., RICHARD A. WHEELER,
and WILLIAM STILPHEN,

               Defendants.
-----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Before the Court are: (1) Defendant William Stilphen ("Stilphen")'s motion to dismiss the supposed negligent entrustment claim against him or, in the alternative, his motion for summary judgment as to the same claim; (2) Plaintiffs' motion for leave to amend the complaint to add a negligent entrustment cause of action if the Court grants Stilphen's motion to dismiss or, in the alternative, Plaintiffs' cross-motion for summary judgment; and (3) Plaintiffs' motion to strike the deposition testimony of non-party witness Thomas Folker. For the reasons stated below, the parties' motions are denied.

### DEFENDANT STILPHEN'S MOTION TO DISMISS
### NEGLIGENT ENTRUSTMENT CLAIM

The Court assumes the parties' familiarity with the facts in this case and thus recites them only to the extent relevant to the Court's analysis.

On November 2, 2017, the Court held a pretrial conference with the parties. Plaintiffs informed the Court, for the first time, that they intended to prove a claim of negligent entrustment as to Defendant Stilphen. Defendants argued that no such claim had ever been pled, and even if it had, that it would fail under Federal Rule of Civil Procedure 12(b)(6). In light of Plaintiffs'

contention that defense counsel had known of Plaintiffs' negligent entrustment theory for some time, but doubting that the claim had ever been formally pled, the Court instructed defense counsel, *inter alia*, to "advise the Court if Defendant Stilphen wishe[d] to move to dismiss the negligent entrustment claim as to him[.]" (11/02/2017 Minute Entry.) On December 4, 2017, defense counsel notified the Court that he intended to file a motion to dismiss (Dkt. 89), which was fully briefed on February 16, 2018 (Dkt. 97). That same day, Plaintiffs moved, in part, to amend their complaint to add the negligent entrustment claim in the event that the Court granted Defendant Stilphen's motion to dismiss the claim as being insufficiently pled. (Dkt. 100; Affirmation of Lester B. Herzog ("Herzog Aff."), Dkt. 101, at ¶¶ 36-39.)[1]

As an initial matter, upon reviewing the Amended Complaint and other filings in this case, the Court finds that Plaintiffs, in fact, have not pleaded a negligent entrustment cause. There is no such claim articulated in either Plaintiffs' Amended Complaint (Dkt. 15) or the parties' two joint proposed pretrial orders (Dkts. 56 at 2 (stating that Plaintiffs' claim is a "negligence claim predicated on the defendants' negligent operation of their motor vehicle"), 85 at 2 (same)). Therefore, Defendant Stilphen's motion to dismiss is denied as moot,[2] and the Court will only

---

[1] The Court requests that, going forward, Mr. Herzog confine his attorney affirmation to "simply attach[ing] and identif[ying] exhibits for the Court[.]" *Dejana Indus., Inc. v. Vill. of Manorhaven*, No. 12-CV-5140 (JS)(SIL), 2015 WL 1275474, at *2 (E.D.N.Y. Mar. 18, 2015). Counsel's affirmation currently "consists entirely of factual assertions and legal arguments regarding [Plaintiffs'] evidence. This type of affirmation is improper and inadmissible" under Federal Rule of Civil Procedure 56(d) and Local Civil Rule 7.1. *Id.* at *2-3.

[2] Even if the Court construed Plaintiffs' Amended Complaint to be alleging a cause of action for negligent entrustment, Plaintiffs' claim would fail on a motion to dismiss. To establish a cause of action for negligent entrustment, "a plaintiff must show that the defendant had some special knowledge concerning a characteristic or condition peculiar to the person to whom a [vehicle] is given which renders that person's use of the [vehicle] unreasonably dangerous." *Graham v. Jones*, 147 A.D.3d 1369, 1371 (N.Y. App. Div. 2017) (alterations, citation, emphasis, and internal quotation marks omitted); *see also Bennett v. Geblein*, 71 A.D.2d 96, 98 (N.Y. App. Div. 1979) ("[A] person other than the owner may be held liable under a theory of negligent

address the question of whether Plaintiffs should be given leave to file a Second Amended Complaint to add a cause of action for negligent entrustment.³

**PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Under Fed. R. Civ. P. Rule 15(a), "leave to amend shall be freely given when justice so requires." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (internal quotation marks omitted); Fed. R. Civ. P. 15(a). "Under this liberal standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court denies Plaintiffs' motion to amend. There is no excuse for Plaintiffs' delay in making the instant motion to amend. Discovery in this case, which spanned more than three years, concluded on July 7, 2015, after multiple extensions and admonishments by this Court and the Honorable Roanne L. Mann, who presided over the pretrial phase of the case. The fact that Plaintiffs might not have known about Defendant Wheeler's checkered driving history or the fact that he got into an accident on December 8, 2010—the day before the accident at issue in this

---

entrustment if he had control over the vehicle and if he was negligent in entrusting it to one who he knew, or in the exercise of ordinary care should have known, was incompetent to operate it."). While Plaintiffs allege that Stilphen owned the vehicle Wheeler was driving (Am. Compl., at ¶¶ 15, 19) and that the accident was "[s]olely as a result of the defendants' negligence" (*id.* at ¶ 27), the Amended Complaint does not allege that Stilphen possessed any "special knowledge" that Wheeler was "incompetent to operate" the vehicle in question, *Bennett*, 71 A.D. at 98.

³ Defendants also move to dismiss, or seek summary judgment as to, the negligence claim against Stilphen. Defendants did not seek, and the Court did not grant, leave for Defendants to file motions regarding the negligence claim. (*See* 11/02/17 Minute Entry and 12/05/17 Scheduling Order.) Therefore, those motions are denied. Even if the Court were to reach the merits of these motions, a genuine dispute of material fact exists regarding the ownership of the vehicle and the identity of Wheeler's employer, so as to preclude summary judgment.

case—when they filed their Amended Complaint in December 2012, is no excuse. Plaintiffs have known these facts about Wheeler, which appear to form the basis for their negligent entrustment claim, and Stilphen's knowledge about them, since, at the latest, March 11, 2013, when Wheeler and Stilphen were initially deposed. (*See, e.g.*, Deposition of Richard A. Wheeler, Dkt. 100-6, at 23:19-24:24; Deposition of William Stilphen, Dkt. 100-11, at 22:24-23:18.) Yet, in the more than four years hence, Plaintiffs never moved to amend their complaint. Instead, the Court and, more importantly, Defendant Stilphen, did not learn of the supposed negligent entrustment claim until the November 2, 2017 initial pre-trial conference, held in anticipation of *trial*.

The Court recognizes that mere delay alone does not permit a district court to deny leave to amend. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). But, where, as here, "a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for [their] neglect and delay." *Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 952 (S.D.N.Y. 1983), *aff'd*, 730 F.2d 910 (2d Cir. 1984) (internal quotation marks omitted). Plaintiffs have provided no explanation for why they waited five years to add the claim of negligent entrustment, except for the untenable contention that "the claim of negligent entrustment was always out there; albeit, admittedly, not specifically spelled out in the pleadings." (Herzog Aff. at ¶ 38.) This explanation is woefully insufficient, and warrants denial of Plaintiffs' request for leave to amend. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) ("The court plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant."); *Suro v. United States*, 107 F.Supp.2d 206, 210 (E.D.N.Y. 2000), *on reconsideration* (Oct. 4, 2000), *adhered to on reconsideration sub nom. Suro ex rel. Suro v. United*

4

*States*, No. 95-CV-4778, 2000 WL 1515173 (E.D.N.Y. Oct. 4, 2000) (denying leave to amend where the case had been pending for five years, discovery was nearly complete, and the plaintiffs had notice of the new defendant they sought to add long before they moved to amend).

Furthermore, allowing Plaintiffs to amend their complaint at this stage of the litigation would unduly prejudice Defendants. To determine whether a proposed amendment will prejudice the defendant, courts in this Circuit "consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350. Prejudice against defendants tends to increase with delay in filing an amended complaint, and granting a motion to amend is "especially prejudicial" when discovery has already been completed. *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985); *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) ("[W]hen the motion [to amend] was filed, discovery had been completed and a summary judgment motion was pending. On this record we cannot say that the district court abused its discretion in denying the plaintiffs' motion to amend."); *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01-CIV-11295 (CBM), 2004 WL 169746, at *3 (S.D.N.Y. Jan. 28, 2004). In this case, Defendants have already moved for summary judgment and discovery is long complete. Moreover, allowing a claim of negligent entrustment would require additional discovery—although Plaintiffs do not specify what specific discovery they would like to take, just that it is "entirely in the realm of judicial discretion" (Herzog Aff. ¶ 39; *see also* Def.'s Br., Dkt. 97-14, at 11-12)—likely including discovery about the accident that occurred on December 8, 2010, which occurred more than seven years ago and about which it appears that minimal discovery has been taken (Def.'s Br., at 8). The additional discovery would "significantly

5

delay the resolution of the dispute"at expense to Defendants, *Block*, 988 F.2d at 350, not only because "Defendants reside in Maine and Pavetek is a closely held company which relies on Mr. Stilphen to operate its day-to-day business" (Def.'s Br., at 11), but also because as this Court said more than three years ago, "[b]ut for the numerous extensions of the discovery deadline granted to Plaintiff[s], this case would have been tried by now. The trial of this matter should not be delayed any further[,]" (2/23/15 Order Granting Motion to Dismiss and Amended Motion to Dismiss); *see Portelos v. City of New York*, No. 12-CV-3141 (RRM)(VMS), 2015 WL 5475494, at *2 (E.D.N.Y. Sept. 15, 2015) ("Indeed, courts have noted that delay in the final disposition of an action is one of the most important considerations when determining whether an amendment would prejudice the other party."). Taken together, these circumstances establish that amending the complaint at this stage of litigation would unduly prejudice Defendants and cause substantial delay in a case that has been dragging on for six years.[4]

Therefore, Plaintiffs' motion for leave to amend is denied and the parties' cross-motions for summary judgment are denied as moot.

## PLAINTIFFS' MOTION TO STRIKE FOLKER DEPOSITION

Non-party witness Thomas Folker appeared for a deposition on April 12, 2013. (Dkt. 97-12.) Folker was previously employed by Defendant Pavetek and was allegedly driving behind Wheeler at the time of the accident. (Def.'s Br., at 4.) On May 22, 2013, Folker received a letter from defense counsel providing Folker with a copy of his deposition transcript and asking him to

---

[4] In his affirmation, Mr. Herzog states that Defendants would not be prejudiced by amendment because defense counsel "some 5 years ago, threatened to make a motion regarding Stilphen . . . but did not go through with it. So much for the defendants' claim of 'prejudice' and 'futility' regarding the proposed amendment." (Herzog Aff. at ¶ 39.) However, there is no evidence in the emails that Mr. Herzog attaches to his affirmation that defense counsel was aware of a negligent entrustment claim against Defendant Stilphen. (*See generally* Dkt. 101-1.)

6

"[p]lease review and execute the original of this transcript before a Notary Public, making any corrections on the enclosed Errata Sheet. Both the correction sheet and the executed deposition transcript should be returned to our office in the enclosed envelope within thirty days." (Dkt. 97-12, at 2 (emphasis omitted).) It is disputed whether Folker requested to review his deposition transcript. (Dkt. 100-13, at ¶ 17.) According to Plaintiffs, on September 20, 2013, Folker called the attorneys for both parties "and stated that he was coerced by Stilphen to give perjured testimony at his deposition, and that he has decided not . . . to participate in any further actions." (Pls.' Br., Dkt. 100-12, at 3-4.) Defendants disagree with this characterization of the phone call. On October 9, 2013, Folker wrote a letter to defense counsel, copying Plaintiffs' counsel, stating, "[t]his letter is being written so you understand that I will not testify or sign the deposition. In the case of Perpall vs Pavetek corp for the reasons we talk[ed] about on the phone around September 20th [2013]." (Dkt. 100-4.) On October 24, 2013, the Court reopened discovery for the limited purpose of allowing the parties to re-depose Folker. (*See* 10/24/2013 Minute Entry; *see also* March 24, 2014 Minute Entry.) On December 4, 2017, Defendants informed the Court that they had been unable to locate Folker. (Dkt. 89.) Plaintiffs moved to strike his testimony on February 17, 2018. (Dkt. 100.)

First, Plaintiffs argue that Folker's testimony should be stricken on procedural grounds because the deponent did not sign the deposition transcript, the notary certification accompanying the deposition was not signed or notarized, and there is no indication as to whether Folker made a request to review the transcript. (Herzog Aff. at ¶¶ 43-45.) Plaintiffs' arguments are rejected as untimely. *See, e.g., Torres v. Do It Best Corp*, No. 07-CV-230 (CS)(LMS), 2008 WL 4974588, at *4 n.4 (S.D.N.Y. Nov. 24, 2008) ("[A]lthough the transcript of Plaintiff's deposition is unsigned, Plaintiff failed to object to this error with reasonable promptness, thereby waiving any objection

to its use."); *Int'l Cargo & Sur. Ins. Co. v. M/V "Hreljin",* No. 88-CV-3807 (BN), 1993 WL 426651, at *10 n.4 (S.D.N.Y. Oct. 19, 1993) (finding "that counsel for plaintiff was present at the deposition and was aware of the missing signature no later than . . . some two and a half months prior to trial, but did not object to its admission until trial. Plaintiff did not make a motion to suppress within a reasonable time under Rule 32(d)(4). Thus, even if the deposition were excludable at trial for lack of a signature, the objection was waived by operation of law."); *see also* Fed. R. Civ. P. 32(d)(4) ("An objection to how the officer. . . prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition . . . is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known.").

Second, Plaintiffs argue that Folker's testimony should be stricken because Folker stated on the September 20, 2013 phone call with counsel that he had been forced by Defendant Stilphen to perjure himself. Notwithstanding the legitimate concerns about Folker's testimony, the Court declines to strike his deposition. Fed. R. Civ. P. 30(e) "explicitly permits deposition witnesses to make substantive changes to the transcripts of their depositions. It provides that a witness, upon appropriate request, 'shall have 30 days . . . in which to review the transcript . . . and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them.'" *Toland v. Forest Labs., Inc.*, No. 00-CV-4179 (LAK), 2001 WL 30617, at *1 (S.D.N.Y. Jan. 11, 2001) (quoting Fed. R. Civ. P. 30(e) (emphasis omitted). Nevertheless, "a deponent's original answer should be admitted into evidence even when he amends his deposition testimony." *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) (citations, alterations, and quotation marks omitted). Construing Folker's letter as an amendment to his deposition testimony, Folker's deposition testimony will be admitted, along with

Folker's October 9, 2013 letter. (Dkt. 100-4.)[5] *See Samad Bros., Inc. v. Bokara Rug Co.*, No. 09-CV-5843 (JFK)(KNF), 2012 WL 43613, at *8 (S.D.N.Y. Jan. 9, 2012) ("Courts in the Second Circuit construe Rule 30(e) broadly, permitting any changes to the deposition to be considered as part of the record, even where they contradict the original answers.") (collecting cases); *see also Toland*, 2001 WL 30617, at *1 ("[T]here are ample remedies for dealing with the problem that may be created by substantive changes in deposition testimony. Both the original and corrected answers remain part of the record. The changes obviously may affect the trier of fact's view of the credibility of the witness. Surely a skilled cross-examiner is well able to deal with the existence of contradictory sworn statements by an adverse witness."). To the extent Plaintiffs argue that counsel for both parties will have to testify at trial "regarding their respective memories as to what Mr. Folker said were the reasons for his refusal to sign the deposition transcript and/or testify" (Herzog Aff. at ¶ 48), the court orders counsel for both parties to agree on a stipulation to be entered into evidence at trial as to the content of the September 20, 2013 phone call.

## CONCLUSION

For the reasons stated above, the parties' motions are denied. The parties shall submit their proposed stipulation and Second Amended Joint Pretrial Order by June 22, 2018. The Court shall hold a pre-trial conference on July 10, 2018 at 2:00 p.m.

SO ORDERED.

/s/Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: May 25, 2018
Brooklyn, New York

---

[5] Plaintiffs also allege multiple inconsistencies between Folker's deposition testimony and other evidence in the record. (Pls.' Br., at 5-8.) Plaintiffs are free to impeach the deposition at trial. The issue of his veracity and reliability are for the jury to consider.